IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG DIVISION

RANDALL LEON LOCKHART,

                Movant,

v.                                Case No.     6:06-cv-00699
                                       Case No.     6:04-cr-00164

UNITED STATES OF AMERICA,

                Respondent.

## MEMORANDUM OPINION AND ORDER

Pending before the court is the petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence. This action was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation [Docket No. 104 ] for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted findings of fact and recommends that the court deny the petitioner's § 2555 motion.

The court  **FINDS** that equitable tolling applies to petitioner's unusual circumstances and that his § 2255 motion, as amended [Docket No. 80], is considered to be timely filed. Additionally, petitioner timely filed written objections [Docket No. 105] to the Magistrate Judge's findings of fact and recommendation.

## I. STANDARD OF REVIEW

The petitioner has made the following objections to the Findings of Fact and Recommendation: (1) The petitioner objects to the finding that Mr. Desautels' representation of

-1-

petitioner did not fall below the Sixth Amendment standard for effective assistance of counsel; (2) The petitioner objects to the finding that his guilty plea was voluntary; (3) The petitioner generally objects to the finding of a legal and factual basis for petitioner's guilty plea; and, (4) the petitioner objects to the finding that his ground for relief concerning credit for time served is not properly brought in this motion. Having reviewed the petitioner's objections *de novo*, in accordance with § 636(b)(1),  the court **FINDS** that they are without merit.

## A.      Petitioner's Claims of Ineffective Assistance of Counsel and Involuntary Plea

The two-pronged test announced by the Supreme Court in *Strickland v. Washington* is the benchmark in determining whether assistance of counsel has been constitutionally adequate. 466 U.S. 668 (1984). The first prong of the *Strickland* test relates to professional competence. In making a determination whether counsel's representation falls below an "objective standard of reasonableness," there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. *Id.* at 687-91. To satisfy the second prong of the *Strickland* test, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

A defendant who alleges ineffective assistance of counsel following entry of a guilty plea has an even higher burden to meet. In *Hill v. Lockhart*, the Supreme Court held that when a defendant has pleaded guilty, he must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." 474 U.S. 52, 59 (1985).

Counsel's errors, according to the petitioner, include Mr. Desautels' failure to prepare for sentencing, to adequately consult with petitioner, and to file an appeal. (Petr's Br. 4-6 [Docket No.

105].)  Notably absent from petitioner's allegations is the requisite claim that, but for Mr. Desautels'

errors, the petitioner would not have pled guilty and would have insisted on going to trial.

Alternatively, petitioner contends that he never admitted guilt.  The petitioner's sworn

statements, however, refute his claim.  In evaluating a post-guilty plea claim, statements previously

made under oath affirming satisfaction with counsel are binding on the defendant absent "clear and

convincing evidence to the contrary." *Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1299 (4th Cir.

1992) (citing *Blackledge v. Allison*, 431 U.S. 63, 74-75 (1977)).  The petitioner testified under oath

at his plea hearing that he was "fully satisfied with the legal advice given" and that he was "acting

freely and voluntarily" in pleading guilty. (Plea Hr'g 4, 9, 27 [Docket No. 83].)

The petitioner also claims that Mr. Desautels failed to file a direct appeal. (Petr's Br. 4.)  An

attorney's failure to file an appeal  is *per se* ineffective assistance of counsel. *Evitts v. Lucey*, 469

U.S. 387, 391-405 (1985). The *per se* rule, however, does not apply unless the defendant requests

counsel to appeal. *United States v. Foster*, 68 F.3d 86, 88-89 (4th Cir. 1995).  Based on the

documents from the Federal Public Defender's file, submitted by the United States [Docket No.

103], and consistent with Mr. Desautels' affidavit [Docket No. 89, Ex. A], the substantial weight of

evidence is that the petitioner did not request to file an appeal before the expiration of such time.

The petitioner provides no evidence to indicate the contrary.

Consequently, the court **FINDS** that petitioner was not denied effective assistance of counsel

and that counsel's representation of the petitioner was well within the range of reasonable

professional assistance.  Further, the court **FINDS** that the petitioner's guilty plea was voluntary.

## B.    Petitioner's Claim of Insufficient Evidence

The petitioner objects to the Magistrate Judge's finding of sufficient evidence to sustain his

conviction by reiterating that the firearms lacked indicia of ownership by the petitioner and because the State Trooper's identification of the petitioner was suppressed. (Petr's Br. 2-3.) Consistent with the government's proffer of its evidence, the petitioner's admissions, and the finding of a legal and factual basis for the petitioner's guilty plea, the court **FINDS** that the evidence is sufficient to sustain the petitioner's guilt.

**C.       Petitioner's Claim For Credit For Time Served**

The petitioner provides no evidence that he has exhausted administrative remedies at the Bureau of Prisons. Therefore, petitioner's ground for relief is not properly brought as a § 2255 motion. After exhausting the requisite administrative remedies without satisfaction, the petitioner may file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Therefore, the court **ORDERS** that this ground for relief  be **DISMISSED without prejudice.**

Accordingly, the court **ADOPTS** and incorporates herein the findings and recommendation of the Magistrate Judge, and **DENIES  with prejudice in part, and without prejudice in part** the petitioner's § 2255 motion.

The court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Stanley, counsel of record, and any unrepresented party.

ENTER:        January 30, 2008

Joseph R. Goodwin, Chief Judge

-4-